Brian Brazier, Esq. (SBN: 245004)
Price Law Group, APC
8245 N 85th Way
Scottsdale, AZ 85258
Tel: 818-907-2030
brian@pricelawgroup.com
*Attorney for Plaintiff,*
*Linda Vodicka*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LINDA VODICKA,<br>　　　　　　Plaintiff,<br>v.<br><br>NAVIENT SOLUTIONS, LLC,<br>formerly known as NAVIENT<br>SOLUTIONS, INC.,<br>　　　　　　Defendant. | Case No.<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. TCPA, 47 U.S.C. § 227<br>2. RFDCPA, Cal. Civ. Code § 1788<br>3. Invasion of Privacy - Intrusion Upon Seclusion |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Linda Vodicka, ("Plaintiff"), by and through her attorneys, alleges the following against Navient Solutions, LLC, formerly known as Navient Solutions, Inc. ("Defendant"):

**INTRODUCTION**

1.　　Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA

prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2.     Count II of Plaintiff's Complaint is based upon Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code §1788, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

3.     Count III of Plaintiff's Complaint is based upon the common law tort of Intrusion upon Seclusion, as described in §652B of the Restatement (Second) of Torts. §652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns . . . that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

4.     Jurisdiction of the court arises under 28 U.S.C. §§1331, 1367(a) and 47 U.S.C. §227.

5.     Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

6.     Defendant transacts business in this District; therefore, personal jurisdiction is established.

## PARTIES

7.     Plaintiff is a natural person residing in Homeland, California.

8.     Defendant is a "debt collector" as defined by *Cal. Civ. Code § 1788.2(c)*.

9.     Defendant is a creditor engaged in the business of giving consumer loans and managing credit accounts.

10.    Defendant's principal place of business is located at 2001 Edmund Halley Drive, Reston, VA 20191.

11.    Defendant can be served with process upon its registered agent Corporation Service Company, located at 100 Shockoe Slip, 2nd floor, Richmond, VA 23219.

*Vodicka v. Navient* - Complaint

12.     The debt(s) that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes.

13.     During the course of its attempts to collect debts, Defendant sends bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

14.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

15.     Defendant is attempting to collect a debt from Plaintiff.

16.     In or around April 7, 2017, Defendant began placing calls to Plaintiff's cellular phone number (714) 293-7410.

17.     The calls mainly originated from the following numbers: (202) 899-1315, (765) 637-0791, (765) 637-0793, (856) 242-2501, (856) 242-2502, and (877) 614-1160.

18.     Upon information and belief, these numbers are owned or operated by Defendant.

19.     On or about April 7, 2017, at 10:46 a.m., Plaintiff answered a call from Defendant and spoke with a representative.

20.     After picking up the call, Plaintiff heard a click, and an unusually long delay before Defendant's representative began speaking, indicative of the use of an automatic dialing system.

21.     Defendant informed Plaintiff that it was attempting to collect a debt incurred by Plaintiff.

22.     During that call, Plaintiff unequivocally revoked consent to be called. Plaintiff instructed Defendant to not call her anymore, because Plaintiff could not receive

*Vodicka v. Navient* - Complaint

personal calls while she is at work.

23.    Plaintiff also explained that if Defendant needed to contact her, Defendant could do so through the mail.

24.    Notwithstanding Plaintiff's instruction to cease calling her, the representative said that Defendant was going to continue calling Plaintiff.

25.    Defendant did continue to call Plaintiff despite Plaintiff instructing Defendant to stop and explaining that Defendant was causing Plaintiff problems with her employer.

26.    Defendant called Plaintiff on May 3, 4, 5, 8 and twice on May 9. Each time Plaintiff instructed Defendant to stop calling her.

27.    On or about May 30, 2017, at 8:09 a.m., Plaintiff answered another call from Defendant and spoke with a representative.

28.    After picking up the call, Plaintiff heard a click, and an unusually long delay before Defendant's representative began speaking, indicative of the use of an automatic dialing system.

29.    Defendant informed Plaintiff that it was attempting to collect a debt incurred by Plaintiff.

30.    During that call, Plaintiff unequivocally revoked consent to be called. Plaintiff specifically requested that all communication be through the mail.

31.    Defendant called Plaintiff seven more times that very same day.

32.    On May 30, 2017, Defendant called Plaintiff at least eight (8) times, at 8:09 am, 9:00 am, 10:03 am, 12:06 am, 12:22 am, 1:30 pm, 2:34 pm, 5:45 pm.

33.    Upon information and belief, Plaintiff made at least ten (10) separate requests not to be called and each request was ignored by Defendant.

34.    Between April 7, 2017 and June 15, 2017, Defendant called Plaintiff approximately sixty-five (65) times.

35.    Defendant called Plaintiff almost every day at around the same time every day.

36.     FCC noted in its 2003 TCPA Order that a predictive dialer is "equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." 2003 TCPA Order, 18 FCC Rcd at 14091, para. 131.

37.     The FCC further explained that the "principal feature of predictive dialing software is a timing function, not number storage or generation." *Id*.

38.     Finally, the FCC stated that "a predictive dialer falls within the meaning and statutory definition of 'automatic telephone dialing equipment' and the intent of Congress." *Id*. at 14091-92, paras. 132-33.

39.     Defendant placed calls to Plaintiff in a manner to predict the times she was available to answer her phone, indicating the use of a predictive dialer. After receiving calls at seemingly random times, the calls became more consistent at certain times of the day.

40.     Defendant's conduct as described in detail above amounted to an unfair or unconscionable means to collect or attempt to collect the alleged debt.

41.     Defendant's conduct as described above was intended to harass, annoy, coerce, and intimidate Plaintiff into paying the alleged debt, increasing the amount Plaintiff was willing to pay, or causing Plaintiff to make a small payment that would restart the statute of limitations.

42.     As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, embarrassment, emotional and mental pain and anguish.

43.     Each phone call made by Defendant caused Plaintiff temporary loss of use of her telephone line, annoyance and embarrassment.

44.     Because Plaintiff's work requires her to be outdoors, Plaintiff is required by her employer to keep her cell phone with her and on at all times to receive work calls. Plaintiff also keeps her cell phone with her and on at all times to be reachable by family

*Vodicka v. Navient* - Complaint

members in case of need or emergency. Defendant's constant calling occupied Plaintiff's phone line so that Plaintiff could not receive work calls nor calls from family members needing Plaintiff's assistance.

45.    Plaintiff's employer has a policy of not allowing its employees to receive personal calls while at work. Because Defendant used several different phone numbers, Plaintiff answered several of its calls instead of rejecting the calls.

46.    On or about October 10, 2017, Defendant sent a letter with the headline "Your Account is at Risk for Litigation". The letter reads "We have received the review back on your account and have determined that it would be in our best interest to send your private student loan(s) to our attorney network partner for litigation if we cannot come to a resolution."

47.    Due to the October 10, 2017 letter, Plaintiff believed she would be sued or contacted by Defendant's legal counsel.

48.    Upon information and belief, Defendant has not engaged Plaintiff in any legal process in an attempt to collect on the alleged debt.

49.    On or about February 20, 2018, Defendant sent a Litigation Notice to Plaintiff. In it, Defendant stated that it "intended to file a lawsuit with an attorney in [Plaintiff's] state if [Plaintiff is] not able to cure [her] account(s) or make suitable payment arrangements with [Defendant's] collections team."

50.    Due to the February 20, 2018 letter, Plaintiff believed she would be sued or contacted by Defendant's legal counsel.

51.    Upon information and belief, Defendant has not engaged Plaintiff in any legal process in an attempt to collect on the alleged debt.

## COUNT I

### Violations of the TCPA, 47 U.S.C. §227

52.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

53.    Defendant violated the TCPA. Defendant's violations include, but are not

*Vodicka v. Navient* - Complaint

limited to the following:

    a.  Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "[i]t shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    b.  Within four years prior to the filing of this action, on multiple occasions Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and, as such, Defendant knowingly and/or willfully violated the TCPA.

54.    Defendant willfully and knowingly violated the TCPA.

55.    As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. §§227(b)(3)(B), (C).

## COUNT II

### Violations of the RFDCPA, Cal. Civ. Code § 1788 *et seq.*

56.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

57.    Defendant violated the RFDCPA. Defendant' violations include, but are not limited to, the following:

    a.  Defendant violated Cal. Civ. Code §1788.17 by collecting or attempting to

*Vodicka v. Navient* - Complaint

collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of Title 15 of the United States Code (Fair Debt Collection Practices Act).

b. Defendant violated Cal. Civ. Code §1788.17 by violating 15 U.S.C. §1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt;

c. Defendant violated Cal. Civ. Code §1788.17 by violating 15 U.S.C. §1692e(5), by threatening Plaintiff with taking legal action without the intention of taking any legal action;

d. Defendant violated Cal. Civ. Code §1788.11(d), which provides that "[n]o debt collector shall collect or attempt to collect a consumer debt by means of the following practices: … Causing a telephone to ring repeatedly or continuously to annoy the person called;"

e. Defendant violated Cal. Civ. Code §1788.11(e), which provides that "[n]o debt collector shall collect or attempt to collect a consumer debt by means of the following practices: … Communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances [;]"

f. Defendant violated Cal. Civ. Code §§ 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt; and

58. Defendant's acts, as described above, were done intentionally and with malice, with the purpose of harassing, abusing, annoying, coercing, intimidating, and oppressing Plaintiff to pay.

59. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the RFDCPA, actual damages, punitive damages, statutory damages, and attorney's fees and costs.

*Vodicka v. Navient* - Complaint

## COUNT III

### Defendant's Invasion of Privacy of Plaintiff

60.     Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

61.     Restatement (Second) of Torts §652B defines intrusion upon seclusion as "[o]ne who intentionally intrudes . . . upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person".

62.     Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

    a.  Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite having unequivocally revoked consent to be called.

    b.  The number and frequency of the telephone calls to Plaintiff by Defendant constitute an intrusion on Plaintiff's privacy and solitude.

    c.  Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls that often interrupted Plaintiff's work, temporarily occupied Plaintiff's telephone line, and distracted Plaintiff and people around Plaintiff who were alerted that Plaintiff was receiving phone calls.

    d.  Defendant's acts, as described above, were done intentionally with the purpose of coercing, oppressing, abusing, and harassing Plaintiff to pay the alleged debt, or to pay more than Plaintiff would otherwise, or to cause Plaintiff to unknowingly restart the statute of limitations.

63.     As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages. If the Court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

*Vodicka v. Navient* - Complaint

### JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues triable by jury.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Linda Vodicka, respectfully requests judgment be entered against Defendant for the following:

A.      Declaratory judgment that Defendant violated the TCPA and the RFDCPA;

B.      Statutory damages pursuant to 47 U.S.C. §§227(b)(3)(B), (C);

C.      Actual damages pursuant to Cal. Civ. Code §1788.30(a);

D.      Statutory damages pursuant to Cal. Civ. Code §1788.30(b);

E.      Actual damages for Invasion of Privacy;

F.      Costs and reasonable attorney's fees pursuant to Cal. Civ. Code §1788.30(c);

G.      Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

H.      Any other relief that this Court deems appropriate.


RESPECTFULLY SUBMITTED,


Dated: September 24, 2018                    By:     */s/ Brian Brazier*
                                                     Brian Brazier
                                                     **Price Law Group, APC**
                                                     8245 N 85th Way
                                                     Scottsdale, AZ 85258
                                                     Tel: 818-907-2030
                                                     brian@pricelawgroup.com
                                                     *Attorney for Plaintiff,*
                                                     *Linda Vodicka*

*Vodicka v. Navient* - Complaint